Robert S. McNAMARA, Secretary of Defense, Walter T. Skallerup, Jr., Deputy Assistant Secretary of Defense, Appellants,

v.

Joseph J. REMENYI, Appellee.

No. 21615.

United States Court of Appeals Ninth Circuit.

Feb. 28, 1968.

J. Walter Yeagley, Asst. Atty. Gen., Washington, D. C., William M. Byrne, Jr., U. S. Atty., M. Morton Freilich, Asst. U. S. Atty., Los Angeles, Cal., Kevin T. Maroney, Robert L. Keuch, Attorneys, U. S. Department of Justice, Washington, D. C., for appellant.

Wright, Wright, Tolton & Rice, Andrew J. Davis, Jr., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

HAMLEY, Circuit Judge:

This cause involves the attempt of Joseph J. Remenyi, an American citizen, to obtain clearance for access to information classified as "secret" in accordance with Executive Order 10501, 18 Fed.Reg. 7049. He was an employee at the Rocketdyne Division of North American Aviation, Inc., at Canoga Park, California, and had clearance at the "confidential" level, which he needed in order to continue such employment. However, Remenyi desired the higher "secret" clearance which would presumably have enabled him to enlarge his scope of employment at the Rocketdyne plant. The need for such clearance is an outgrowth of the Industrial Personal Security Program administered by the Department of Defense (Department). This program is administered pursuant to the provisions of Executive Order 10865, 25 Fed.Reg. 1583 and, at the times here in question, Department Directive 5220.6 entitled "Industrial Personnel Access Authorization Review Regulation," dated July 28, 1960.

After processing Remenyi's application, the Department, on November 12, 1963, notified him and his employer that any authorization Remenyi possessed for access to classified information was suspended. The notice stated that the Screening Board had concluded that the

information available to it did not warrant granting Remenyi a "secret" clearance and that, pending final disposition of his case, access was not authorized at any level. As a result of such suspension, Remenyi's employer terminated his employment.

The suspension was directed by the Industrial Personnel Access Authorization Screening Board of the Department in accordance with the provisions of Directive 5220.6, as it then existed. As required by that directive, the Screening Board issued at the time of the notice a "Statement of Reasons," informing Remenyi of the grounds upon which his security clearance was being denied or revoked. Remenyi filed an answer and requested a personal appearance hearing before an Industrial Personnel Access Authorization Field Board. The case was referred to the Los Angeles Field Board for hearing.

Such a hearing was held, followed by a second hearing. As a result, the Field Examiner reported his conclusion that " * * * it would not be clearly consistent with the national interest to grant [Remenyi] access authorization to classified information at any level." Based on this report, the Central Board issued its final determination concurring in the conclusion of the Field Examiner.

Remenyi then commenced this action. He seeks a judicial declaration that the procedures followed in the administrative hearing and the manner of conducting the hearing were illegal, that the result reached deprives him of the right to be gainfully employed and that such result is arbitrary, capricious and not supported by any evidence. Remenyi also asked for an order granting him access to information of the armed services classified as secret, and awarding him restitution for his loss of earnings. Defendants answered, asserting various defenses.

A trial was had to the court, without a jury, and judgment was entered for Remenyi. The district court found, concluded and determined that the procedure before the Central Board and the Field Board had been conducted in an arbitrary manner and did not conform to the requirements of due process. The court ordered that certain materials be expunged from the record of the personal appearance proceedings before the Field Examiner and the Authorization Board. The court further ordered that Remenyi be granted access authorization to information classified as secret by the United States Army, Navy and Air Force. Finally, the court remanded the cause to the Central Industrial Personnel Access Authorization Board for further proceedings in conformity with the judgment. The court did not award restitution.

The finding and conclusion that the administrative proceedings had been conducted in an arbitrary manner and not in conformity with the requirements of due process was based upon these four determinations by the district court:

1. Remenyi was not permitted to confront the witness testifying against him nor to know the witness' identity;

2. The transcript of the personal appearance proceedings held on February 12, 1964, was destroyed without authority and there no longer is any record of that portion of the proceedings;

3. Counsel representing defendants improperly contacted the members of the Central Industrial Personnel Access Authorization Board outside the presence of Remenyi or the latter's counsel and without consent on the part of Remenyi or his counsel;

4. Evidence not properly authenticated was admitted into the record of the personal appearance proceedings and considered by the Field Board and the Central Board.

Defendants appeal.

In the district court, defendants strenuously contested Remenyi's contention that the administrative procedures followed in this particular case were invalid. But since the district court determination in favor of Remenyi on this point rests upon findings of fact which defendants do not wish to challenge on appeal, they have elected not to contest, in this court,

the district court's direction that the cause be remanded for further administrative proceedings.

Defendants do challenge here, most vigorously, the authority and jurisdiction of the district court to order that Remenyi be granted access to information classified as secret by the United States Army, Navy and Air Force. As to this, the gist of defendants' argument is that the control over military secrets is an executive function which has never been, and should not be subject to judicial control. Remenyi contends, just as urgently, that the administrative record contains only evidence affirmative to him, supporting his application, and where this is the case the district court has authority and jurisdiction not only to remand the matter to the agency, but to do so with directions to grant the applicant access to information classified as secret.

 The question thus presented encompasses difficult and far-reaching constitutional problems concerning the scope of judicial review in light of the principle of separation of executive and judicial powers. But it is presented on an administrative record which Remenyi contends, and for the purpose of this appeal, defendants concede, was made as the result of invalid administrative procedural action. What may be the outcome of the further administrative proceedings which have been ordered cannot now be known. In analogous circumstances, the Supreme Court has declined to consider constitutional questions raised as the result of administrative proceedings which were defective. See Greene v. McElroy, 360 U.S. 474, 508, 79 S.Ct. 1400, 3 L.Ed.2d 1377. This is in keeping with the long-established principle that federal courts ought not to pass on constitutional questions unless such adjudication is unavoidable. See Rosenberg v. Fleuti, 374 U.S. 449, 451, 83 S.Ct. 1804, 10 L.Ed.2d 1000.

These considerations convince us that the district court ought to have awaited the results of the further administrative proceedings before making a determination which involves the constitutional principle of separation of powers.

Accordingly, and without passing upon the merits of the questioned decretal provision, the cause is remanded to the district court with directions to delete the provision of the judgment which requires that Remenyi now be granted access authorization to information classified as secret by the United States Army, Navy and Air Force, and to delete all findings intended to support that provision of the judgment or findings which are otherwise critical of the agency's action, other than findings intended to establish that impermissible administrative procedures were followed. In all other respects the judgment is affirmed.